For argument today, 2017-1278 Eastman Kodak Company v. CTP Innovations. Mr. McEwen, please proceed. Thank you, your honors. Good morning, and may it please the court. An agency's outright refusal to consider evidence bearing on an issue before it is the very definition of arbitrary and capricious. Here, the PTAB considered the same question across consolidated cases at the same time and on the same prior art record. Isn't the real problem for you that in the other cases, the PTAB found that you had at least specifically preserved this argument with regard to a dependent claim, not to independent claims. It gave you the benefit of the doubt there, but here you didn't do that at all. I mean, it does seem to me somewhat strange that we're going to have one set of patents to be good and one set of patents not to be good that are covered by the same combinations, but these IPRs, you all submit a lot of claims that are a lot of different combinations, and it doesn't seem to be an abuse of discretion for the PTAB to ask you to show your work. It's not their job to dig through these references and figure out what combination. So is there anything in this set of IPRs where you explicitly set forth this argument rather than just citing to Apogee? Sure. The answer to that is yes. Aside from the exact language that was reproduced in the claim chart of the independent claims, for example, you might look at claim three. What page are you on? Let me give you the exact site and the joint appendix for that. JA276. What page was that? JA276. Thank you. And what is this document? This is the petition, Your Honor. But is that part of your problem that you made an argument potentially in your petition that you then didn't make in your briefing, even though the patentee was disputing the presence of this element? I think the problem here is the board accepted these claim charts, the board accepted these grounds to go forward with trial and found that there was a reasonable likelihood of prevailing and accepted this evidence, accepted evidence that talked about... When you say it accepted the evidence, precisely what do you mean? It instituted trial, it reviewed this evidence and determined there was a reasonable likelihood of prevailing, and then at the close of trial said... It didn't cite this evidence and say, we agree with it. This was just your petition. And to be clear, is this evidence or is this an argument by an attorney about a claim chart? Well, this is a statement in a claim chart that cites the documentary evidence about where the printing is done. Right. Okay. So this is your petition and by you saying they accepted it, you just mean you filed it and then they instituted. But the institution decision doesn't say, we agree that this claim chart discloses these elements. The institution does not say that we agree, but it does say that we have reviewed the evidence and we at least agree that the evidence that you have in your petition crosses that threshold of a reasonable likelihood of prevailing. Now we would expect if the board were to change its mind on the back end to say, well, we've seen rebuttal evidence, we've seen an attack on the teachings of Apogee, we've seen a discussion of this Another Town language and we give more weight to that evidence. And that's not what happened. Where in your briefing did you argue the Another Town language for Apogee? My understanding from the briefing was that you didn't rely on Apogee for that ground. Well, that's the board's position, Your Honor. What we said with respect to that feature is that you could implement it in either location on the premise that the board had already reviewed this. There's only two possible places for it to occur. And that was it. Didn't you actually say that Apogee doesn't limit that you could do it at a different location and that you perhaps said it would have been obvious to then use it at another location? You didn't actually cite to the even in Another Town limitation and argue that it's expressly disclosed in the Apogee prior. And that's basically what the board is saying, that you did not remind us of the evidence. I'll answer my question. I think in your briefing, I understand your petition quoted the Another Town language in the reference with respect, and I think it's on page JA-270. But I think I understood, and I want to know if you can contest this. I understood that in your later briefing after institution, you didn't refer back to this express disclosure. And instead, you said to the board that the Apogee reference doesn't, in effect, teach away from making this modification. What we said is that there's no limitation as to where it should be of those two possible points. Again, with the record... Why didn't you say, well, the reference Apogee says that you could put the printer in Another Town. Why didn't you say that? Well, again, because we looked at the record and what the board had done to date and accepting statements in the trial record about that Another Town and specific mapping, again, to claim three, which talks about where the printer is. That didn't seem to be in dispute. The dispute seemed to be some of the arguments that the patent owner made about where some of the boxes were, and it depended on claim constructions that were rejected. There were only two possible places for this. And we said, well, as between the two, and we had declaration evidence on this point, you could do it at either one. In hindsight, we could have said, and by the way, you already accepted that it would be in Another Town. And in fact, the combination, the secondary reference Apogee, that's the way Apogee does it. That was all in the record. At the time, you were well aware of this teaching in Apogee at the time. That's what I think the expert was referencing when he was discussing it could be in one of two places, and there's no limitation on where it would be. That's simply up to the system you're implementing where you want it to be. The focus of this briefing was not the location of the printing. The focus of this briefing had to do with the prior art status of Apogee and real-time communications where something is printed. The patent owner, though, argued, as I understand, that the prior art didn't teach this particular idea of having the printer in a different location, at a remote location, and that's what you were responding to in your brief. The patent owner provided a turning argument about that point. And we had evidence in the record and in the claim charts explicitly refuting that. And so we were resting on that. Time out. The patentee argued it didn't teach the remote location. You say that's a turning argument, but I don't know what evidence you can point to to prove the absence of a teaching. Patentee says these references don't teach this claim element. You didn't respond to that argument, even though you had a petitioner response. You didn't respond to the patentee's claim it wasn't taught. But you think, nonetheless, because you had alleged it was taught in the petition earlier, that that somehow covers you? The trial grounds are based on Apogee print drive. Print drive is mentioned repeatedly, not only in the claim charts themselves, but in the very introductory description of these Apogee for creating of the plate ready file. That was all over the record here. There was no attack on the print drive. There was no attack of pages 6 through 7 of Apogee. All we got in response from the patent owner was attacking the references individually, as opposed to the combination. So when we said that the combination teaches you could do it either one, we were referencing again back to the trial grounds that were instituted. This is what we were arguing, not in the abstract. This is the ground the board accepted. And as we requested rehearing and had this language specifically in the claim charts, the board accepted it in one case and didn't accept it in the other. You said explicitly in the claim charts, in the claim charts in the petition, but not in your substantive brief, which is what the board is looking at. Once the petition has been instituted, the board doesn't use the petition as the basis for then resolving the case. It uses the substantive briefs of the parties. And you didn't have any claim charts that had this language in it and those substantive briefs. I hate to tell you this, but this seems like large attorney error. That is the reason the board came out the way it did. And now you want me to say it was an abuse of discretion for them not to forgive the attorney error. I would agree that it was attorney error, Your Honor. As I said, that specific mapping. In one case, they said, okay, we will side with you because you had the specific mapping. Because you still had it in the substantive briefs, in the dependent claims, but not the independent claims. So they said, well, at least you still raised it in the substantive briefs. You didn't raise it at all in these substantive briefs with regard to any claims. I think the board was focused more on what was in the claim charts. I don't think they rested that contrary decision on the briefs. What their view is... You mean in the separate case? They specifically called out the fact that you argued that for a dependent claim. And I think they somewhat chastised you for not arguing that to the dependent claim. So I think it's precisely because that language is in the briefs that they granted you were hearing. No? I think it was because it was in the claim chart. Maybe I need to go back and... Can you point to that in the other decision? I know that's in the record, where you say they relied on the claim charts rather than that specific language in the brief. I just read that IPR decision yesterday. It seems to me that you're not correctly remembering what they said. Well, I'm looking at pages eight through nine and this is where the board has found that Apogee teaches the exact feature that it stated that it was missing from the other cases. This was not separately raised in the briefing. This was directly referencing the claim charts of the petition. The distinction that the board is making here is that they didn't like the fact that the description was in a cell that didn't discuss the remote printing and that the discussion of the print drive needed to actually be reviewed by looking at Apogee and you have a singular graphic spanning two pages. We're citing two pages of an eight-page brochure. This wasn't a requirement for the board to dig through the record. This decision that's contrary to the ones on appeal here was directly... As well as yours? Yes, Your Honor. It's the same judges? The judge that authored all three rehearing decisions is the same judge. We have the same specification, the same question of the prior art on the same claim term across related cases that were consolidated, briefed at the same time and argued at the same time. I think the question I guess I have for you is this. The board chastised you in this IPR for not having more clearly raised this issue. That much is clear. But then went ahead and granted rehearing and resolved it. Can I really say it's an abuse of discretion for them not to be willing to grant rehearing in a second instance of the same problem? Can I say that's an abuse of discretion? We get cases all the time with fact findings that are completely at odds with each other and we have to affirm them because of a very deferential standard of review, substantial evidence or clear error. Even though the fact findings are the exact opposite on the same set of facts. Here, even if you have, which I'm not sure you do, but even if you have two identical goths, mistakes, errors in not having identified something in your brief, the board forgave in one. Does that mean under an abuse of discretion standard, I have to say they abuse their discretion when they don't forgive the second error? I wouldn't explain it. Even if the facts are identical. Under an abuse of discretion standard. It's not forgiving. It's the same citation in both cases. The same citation being in a claim chart relative to a remote printer and the board deciding in one that it can accept that evidence and review it and in the other that it doesn't have to because of a hyper-technicality. This argument was in the same claim chart in the same way. The hyper-technicality they cite in the second instance is your failure to have raised this in your briefing. I would disagree with that. I think the hyper-technicality that they cite is that the cells don't match up with the out of town statement. That's what they're saying. That's why they accepted it in one and didn't accept it in the other. In the one that they granted, they said, okay, the out of town is actually specifically that what we call excerpt two is specifically mapped to this remote printing teaching. In the other cases, it's there, but it's in a cell above the actual remote printing language. We don't have to read that to understand that even though you only cite those two pages repeatedly and exclusively and you talk only about the print drive. In the claim chart, it's like maybe the fifth reference to Apogee. There's the claim element and then there's a whole bunch of other citations to things in Apogee and then there's the out of town quote without an explanation of how it relates to any of the language and the limitation, right? Well, there are entire passages of Apogee that are reproduced, but we're talking about a two-page sales brochure. This isn't a burdensome reference to read. I understand what you're saying. You're saying your view is that the PTAB should have read it perhaps even without you identifying it for them. I understand what you're saying. I really do, but again, my problem with it is that it's an abuse of discretion standard. That's what I'm struggling with. How can we say that the PTAB abused its discretion here? The reason those citations are that way is argument at the time these petitions were drafted was not allowed in the claim charts. So you have to read those claim charts together with the text that comes before them because we're prohibited from saying modify this, this is obvious. It just has to be pin sites. So when you read the introduction to the claim charts, which references the print drive right after it talks about creating the plate ready file, there's no reason to talk about the print drive unless you're talking about the printing operation and where it goes. That was page 7 of Apogee. Page 6 is how you create the file. So it is an abuse of discretion to read that with one hand over one eye and say, well, okay, we see where the file is being created, but the print drive stuff, we won't consider that because it's not in the specific cell of the claim chart. Well, what about the fact that reading your teaching, the limitation of having a remote printer as opposed to the secondary reference of Apogee? Well, that was also a mistake that the board made. We relied on the primary reference for the architecture. There's three points. There's the user, there's the central point, and there's the printer. And what we said is if you modify that architecture, the only thing that was missing was the plate ready file. So if you take the plate ready file and you plug it into that primary reference, it would send it to the remote printer. So that was another issue we raised in the rehearing is that the board was wrong on how the ground was formulated in the first instance. We don't even need that teaching of Excerpt 2. What we needed is the architecture of Dorfman, which sends the file to the printer. We take the format of Apogee and we plug it into that system. And that's where you see in the rehearing decision at 2534 where they say, we agree with you. Dorfman and Apogee don't even need to be modified. You just plug in the file format. So on top of the fact that they were just inconsistent with the citation. Okay, well, we have used all your time and all your rebuttal time. Let's hear from Mr. Pia and I'll give you two minutes of rebuttal time back. Thank you, Your Honor. Thank you. May it please the Court, my name is Joseph Pia and I represent the police CTP Innovations. We submit that this petition should be re-heared at 1490 and 791 because one, the board did not abuse its discretion in determining that there was not an argument made in the petition or the reply that would justify the re-hearing. And second, if for whatever reason, this court decides that the board did abuse its discretion, that it had substantial evidence in finding that the petitioner had not met its burden under a preponderance of the evidence standard in order to satisfy 35 USC Section 103A and showing that Apogee should be combined with Jevons or Dorfman in a way to teach. And here's a distinction that's important. Claims one through three of the 349 patent require a combination that shows that the generation of a plate-ready file occurs at the central service facility, not just remote from the printer. That actually appears in claims 10 through 14. And the distinction there is that the petitioner in no way showed a motivation to combine the references to establish that the generation of the print-ready file occurred at the central services facility. In the 788 petition, for example, that limitation doesn't appear at all. And what limitation does appear instead is the limitation that the plate generation, the generation of the plate-ready file occur at the printing facility. And with respect to claims 10 through 14 of the 349 patent, we'll note in the briefing that the petitioner never quoted Apogee Excerpt 2 at all. Nowhere. So it did quote Apogee Excerpt 2 with respect to claims one through three of the 349 patent, but not for the proposition that the file would be generated. And then it didn't cite, didn't quote that at all. All that it did is cite to it. The reason why the board's decisions are consistent is, again, that the petitioner was the master of its IPRs. It decided to file four IPRs, and it combined the references in the manner that it decided, and it made the arguments that it decided to make. And it took this shotgun approach, and then it hopes later that one of the arguments that it was lucky enough that the court, the board, in its discretion reviewed claim 12 again and said, wait a minute, maybe there is something that we missed under this bootstrapping argument that if claim 12 is invalid under obviousness, that in turn claim 10 is also obvious. It didn't find that argument or corollary made anywhere in the 790 or the 791 because that argument doesn't exist. There is no issue preclusion, which is alluded to and expressly argued by the petitioner, doesn't apply where there is not an identity of the claims. And 103A is a different type of analysis where each limitation has to be proven to exist in the combination of the references. Petitioner only used Apogee Excerpt 2 to show that the ripping process was to occur. Actually, the creation of the plate ready file. It doesn't make the argument in either petition 790 or 791 that Apogee should be used to show remote printing. That argument just simply doesn't exist. And with respect to the 788 IPR, it does actually make that argument within the claim chart itself that it included in the briefing. And it had every opportunity to make that same argument in 790 and 791, but it didn't do it. How do you respond to the argument that this was just a two-page reference and the PTAB should have seen in the reference itself, one page away from the part that was being cited, that in fact Apogee taught this missing claim limitation? The response is several. First, it is the petitioner's obligation in the first instance to make the argument and to point out specifically the evidence that supports the argument that it's making. Second, in a request for a rehearing, it is the petitioner's obligation to point out the exact place where it had already made that argument in order for the court to, or the board, to take that up on rehearing. And then third is that it's not the board's obligation to comb through every reference. If we look through these petitions, there are extensive references cited, huge quotations, and a variety of combinations made for a variety of different arguments. Again, this burden comes back to the petitioner, who in the very first instance can select how to make those arguments, not the board, who's busy trying to fill four separate IPRs on similar patents. But I should know this, but I don't. Weren't these all kind of briefed and argued at the same time? Yes, they were. So the board recognized it made a mistake not looking at Apogee for two of them and said it didn't for the other two because they didn't specifically argue it. If the board had not made that initial mistake and had understood that Apogee was relevant to the remote facility, wouldn't it have made sense for them to apply Apogee to the other ones too? I mean, it's the same term, basically, and it teaches the same thing. I think you just made an argument about why it doesn't, but let's set that aside. It seems like you're getting to take advantage of a board mistake on top of attorney mistake on the other side, and then not looking at a reference so it was actually made in at least two of the concurrently argued IPRs. Why isn't it arbitrary for the board not to look at this the whole context? Because the board properly applied 37 CFR section 42.71D, where it identified that the party making the hearing request... Sure, I get that, but they overlooked something too. If at the oral argument, I know this didn't happen, but was there an argument on this? Yes, there was, and it was a combined argument. The oral argument, they had asked the question about Apogee and about where the remote facility was taught, and Apogee was supplied as that reference. Even if it hadn't been argued in the briefing, it would have been error for them not to apply it to all of them if they were aware of it. Two responses to that. One is that making the argument at oral argument for the very first time is too late. The rule requires that it be made in the petition or the reply. Sure, but it wasn't made for the first time at oral argument in one set of the IPRs. It was in the briefs. If they had known that this was in the briefs, wouldn't they have been compelled to apply that same reference to the other IPRs, even if it wasn't specifically made in the brief? It certainly seems like at the very least, they would have had to given you some more time to respond if they would have looked at this. Not under an obviousness analysis, because the claims are different. There's no argument that was made by... Let's just assume that they're not. I don't find that argument very convincing. I think Apogee solves the problem for the other ones too. Why is it error for the board not to have looked at this because they were aware of it? Just the fact that it happened on rehearing, is that the difference here? Because the problem seems to me in that argument is that the board acknowledged that maybe it didn't say it made an error, but it certainly overlooked something for one set of the IPRs. If this court finds that there was an abuse of discretion in not considering that argument, and the court finds that the board did not have substantial evidence in looking at the declarations of the petitioner and the respondent, which it did look at those declarations of the experts, and it came to the conclusion that the expert actually for the petitioner had argued that... What I'm trying to get at is, practically speaking, if I'm the board judge and I have all these IPRs being argued to me, and I'm aware that for one set, Apogee provides the remote printing thing, and even though the other side may not have charts and the like, assume all this is true, why wouldn't it be an abuse of discretion not to apply Apogee to all of the claims when I was aware it should apply to them? The reason why is that in claims one through three of the 349 patent, it requires that the generation of the plate-ready file occur at a central service facility. You're arguing that they're different claims now. But you're not... I'll ask you one more time to answer my hypothetical, and if you can't, that's fine. Assume Apogee covers all of these, that there's no difference in the claims for purposes of this, that it does supply the remote part or whatever the central thing you're talking about is. I'm a board judge, and at oral argument, it's argued to me Apogee discloses this. It's in the briefs in this one set. It may not be specifically in the briefs in the other set, but here it is in the claim charts and the like. If that argument is made to me, why wouldn't it be an abuse of discretion for me to say, well, since you specifically mentioned it here, I'll take it. But even though it's all part of the same kind of case, basically, consolidated set, I'm not going to apply it here because you didn't write it out word for word. Wouldn't that be an abuse of discretion? We would say no, that's not. And why? Because the petitioner has the obligation to make the argument in each instance. Because even though they're consolidated for oral argument, they're totally separate IPRs with separate decisions, even though it's the same judges, and it's the petitioner's obligation to make these arguments. The petition is the petition, governs the scope of the whole proceeding, but it doesn't get incorporated into their brief. They still have an obligation in the brief, and in this case, the patentee expressly disputed the element in both instances. In one, they found the petitioner's reply brief responded to it, and the other, they found it didn't. That's right. It's the petitioner trying to shift the burden. It's not equity necessarily, but it is just in light of the procedural requirements that the board is allowed to decide. Yes, that's our position. I think we kind of have your position, unless there's anything else you need to cover. Let's give him his two minutes of rebuttal. Thank you, Your Honor. This was the same briefing across identical specifications at the same time before the same judge. The distinction that the board is making here is hyper-technicality based solely on claim charts. A matching of cells to a specific quote that it found was done to its liking in one, and with respect to claim three at JA-276, which is the more or less same exact, showing declined to review that same evidence. I know you think this is a hyper-technical rule, but you can call it hyper-technical, but isn't the board entitled to adopt these kind of rules? Not when you're looking at it in the context of the petition. These arguments were made outside of the claim chart. If the board had a rule that said, all of your arguments have to be specifically made in your briefing, and if you haven't made them specifically in your briefing, you waive them. They're allowed to do that, aren't they? That's correct, Your Honor. And isn't that really what they've done here? You haven't made that argument in your briefing specifically. I get it. It seems to me odd that one set of patents is valid and one set's not, just because of attorney error, but if that's the way they're going to do this. I think you'll concede they're very, very busy and they get a lot of these, and it's your job to show your work. It's not their job to figure it out. That's what you're doing here. What's an abusive discretion about that? Well, but it's not our job to question work that was already accepted by the board. The trial is about the instituted grounds. When you start straying away from those grounds, you get in trouble. The thing is that sometimes we get cases where a particular argument is made in the petition, but then later on, a different tact is taken by the petitioner in the briefing that occurs after institution. So it sounds as if you're suggesting that the board is supposed to always go back to the petitioner, just make sure there isn't something that you forgot to address. And I don't think that can be the right rule. No, Your Honor. What I'm saying is that the trial grounds are the starting point, and to your point about petitioners coming in and trying to change the channel, you have to go back and again and look at what the starting point was. You can't say reference A and B is obvious and then change it to A and C in the petitioner reply, because the trial is about A and B. And so when that evidence is accepted on the front end, the board is saying, well, you should have reminded us. And that is the hyper-technicality, and that is the abuse of discretion. These were the same specification, the same prior art question. It did come up in the briefing. It did come up at oral argument, and there was additional briefing on this that the patent owner had. So there was a full and fair opportunity to address all of these issues. Okay. I thank both counsel. The case is taken under submission. Thank you, Your Honor. All rise.